**JAMES R. HASENYAGER (Bar No. 1404)**
**HASENYAGER LAW**
Attorney for Plaintiff
1004 24th Street
Ogden, UT 84401
Telephone: (801) 621-3662
Facsimile: (801) 392-2543
jimhasenyager@gmail.com

| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION ||
|---|---|
| **TERRY HELMS** <br><br> Plaintiff, <br><br> vs. <br><br> **UNITED STATES OF AMERICA** <br><br> Defendant. | **COMPLAINT** <br><br> Case No.: 1:15cv00020 <br><br> Judge: EVELYN FURSE |

Plaintiff alleges as follows:

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1346(b).

2. Plaintiff Terry Helms is a veteran and receives medical care and treatment through the Salt Lake City Veteran's Administration Hospital (SLC VA).

3. On May 31, 2013 Plaintiff was scheduled to undergo surgery at the Salt Lake City VA Hospital to have, among other procedures, a right cubital tunnel release with ulnar nerve transposition performed.

4. He arrived at the hospital, brought by his father, checked in to the surgical area, and was then, apparently forgotten. As surgical area personnel were closing down the areas, Plaintiff's father asked a lady, who worked in that area, what had

happened to his son. Only then was Plaintiff found, surgeons called back and his operation proceeded.

5. The surgery was performed by a resident named Dr. Lucas Anderson who may, or may not, have been assisted and supervised by Dr. Douglas Hutchinson, the assigned attending surgeon, and may have been assisted by another intern or resident whose name is currently unknown.

6. The standard of care for a right cubital tunnel release with ulnar nerve transposition requires that all bleeders in the surgical area be adequately coagulated or staunched during surgery and/or that a patient undergoing that operation not be released from the hospital until it is determined there are no bleeders in the surgical area because bleeders can result in a hematoma which endangers the ulnar nerve.

7. Defendant's surgeons negligently and carelessly performed the right cubital tunnel release with ulnar nerve transposition in that bleeders were not adequately coagulated or staunched; and Defendant's surgeons and/or medical staff did not examine Plaintiff post-surgery to determine he was not bleeding into the surgical area prior to discharge.

8. In fact, a lady employee of Defendant insisted that Plaintiff get dressed and leave the surgical area as soon as he awoke from the anesthesia telling him he had to go, that she was locking up, and sent him out in the hall to look, himself, for his father without providing him any post-operative discharge instructions other than return in two weeks.

9. Plaintiff's father lives in Lehi and was driving Plaintiff to the father's home.

10. Enroute to the father's house from the SLC VA Hospital Plaintiff began to experience excruciating pain in his right arm. Both he and his father tried calling the VA to get instructions on what to do. They were unable to get anyone to even answer the telephone at the VA Medical Center (VAMC) which was itself negligent and below the standard of care.

11. Consequently, Plaintiff's father took Plaintiff to the American Fork Hospital ER where the ER doctor was eventually able to reach the "on call resident for Dr. Anderson" to describe Plaintiff's condition. The "on call resident for Dr. Anderson" merely "suggested we keep it [right upper extremity] elevated and rewrap it, which is already done, ice it, and have the patient follow up early next week" instead of directing that Plaintiff be immediately returned to the SLC VAMC for re-evaluation and treatment which would have included evacuation of the developing hematoma and coagulation or staunching of active bleeders to prevent a hematoma recurrence. This was negligence on the part of the resident on call for Dr. Anderson to not have Plaintiff immediately return to the VA Hospital.

12. Plaintiff, who lives in Park Valley, Utah, also undergoes kidney dialysis at dialysis center's arranged through the VA. He went to his regular dialysis the next week at a dialysis center in Idaho and told the medical staff about his arm being swollen and was told the swelling was likely normal and just to make sure he attended his two week post-operative followup visit which he did.

13. When Plaintiff went to his two week followup visit, he was examined by Dr. Hutchinson and Dr. Anderson and told he needed immediate surgery to remove the post-surgical hematoma which had developed and compressed and damaged his ulnar nerve.

14. That Plaintiff sustained permanent ulnar nerve damage due to the hematoma which has resulted in a permanent loss of function and strength in his right hand and arm; continuous pain; and permanent disability to Plaintiff's damage in amounts to be proved at trial; that Plaintiff will need or benefit from further medical treatment and/or therapy; and will need periodic pain medication all to his damage in amounts to be proved at trial.

Wherefore, Plaintiffs request judgment in amounts to be proved at trial; for interest on special damages pursuant to Section 78B-5-824 U.C.A.; for interest and such other relief as is just and proper.

DATED this 23 day of January, 2015.

JAMES R. HASENYAGER